IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION

MARSHA MOFFITT; DENNIS BRADFORD;
EMILY BUTLER; and MARTIN DAVIS                           PLAINTIFFS

v.                         No. 1:19-cv-72-DPM

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY                                         DEFENDANT

ORDER

State Farm uses a computer program—the AudaExplore Report—to decide how much to pay an insured after a vehicle is totaled. Moffitt, Bradford, Butler, and Davis say they got shorted. They contend that the AudaExplore Report breaks faith with Arkansas Insurance Rule 43, creating solid claims for deceptive trade practice, fraud in the inducement, breach of contract, and fraud. State Farm moves to dismiss.

Binding precedent precludes the vehicle owners' Rule 43-rooted claims. Rule 43 is a creature of the Trade Practices Act, which is not "intended to establish or extinguish a private right of action for a violation of any provision of this [Act]." ARK. CODE ANN. § 23-66-202(b). *Design Professionals Insurance Co. v. Chicago Insurance Co.*, 454 F.3d 906, 911–12 (8th Cir. 2006) holds that State Farm's Rule 43 duties run to Arkansas, not to insureds like these vehicle owners.

The Arkansas Court of Appeals has also noted in a cancelation case that the Act provides no private right of action. *Columbia Mutual Insurance Co. v. Home Mutual Fire Insurance Co.*, 74 Ark. App. 166, 175, 47 S.W.3d 909, 913 (2001).

The vehicle owners attempt to avoid this precedent's reach. They argue that State Farm acted deceptively and unconscionably, actions which any person may challenge under another statute, the *Deceptive* Trade Practices Act, ARK. CODE ANN. §§ 4-88-107 & 113(f). This argument comes with two difficulties. First, as State Farm points out, where the challenged practice has rested on a violation of another statute or regulation, the foundational law has said that a violation of that law violates the Deceptive Trade Practices Act. See, for example, Judge Wright's opinion for this Court in *M.S. Wholesale Plumbing, Inc. v. University Sports Publications Co., Inc.*, No. 4:07-cv-730, № 33 at 7–8, discussing the Telephonic Sellers Act and the School Calendar Act. Here, the foundational law — the Trade Practices Act — doesn't say that. Second, and relatedly, the core of all the vehicle owners' pleaded claims is Rule 43, which protects all insureds by creating duties to the state, not by creating duties to individuals, and thus a private right of action. *Design Professionals, supra.* The Court expresses no opinion on what if any claim, distilled of all Rule 43-related matters, the vehicle owners might have.

Motion to dismiss, № 11, granted.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

19 December 2019